Chief Randall Aragon Conway Police Department 1105 Prairie Street Conway, Arkansas 72032
Dear Chief Aragon:
I am writing in response to your request, presumably pursuant to A.C.A. § 25-19-105(c)(3)(B) (Repl. 2002), for an opinion on whether certain documents requested by a local attorney under the Arkansas Freedom of Information Act, A.C.A. §§ 25-19-101 to -109 (Repl. 2002) ("FOIA") are open to public inspection. The documents about which you inquire include:
 1. True and correct copies of all survey questionnaires with attached comments completed by CPD [Conway Police Department] employees in 2001 and the compilation of the survey data.
 2. True and correct copies of all survey questionnaires with attached comments completed by CPD [Conway Police Department] employees in 2002 and the compilation of the survey data.
You state that these records are "internal department surveys conducted by me to ascertain police department employees' attitudes and feelings about their department." You note that the "survey was conducted anonymously, and overall results of the survey will be posted." You have attached a copy a completed survey form with your request, which asks employees to rate, on a scale from one to five, their attitudes about a number of different issues, including working environment and supervisory practices. The survey form is not particular to any one supervisor, but seeks anonymous answers to questions about supervision in general or about "your supervision" or "your supervisor." In addition, however, the survey form invites written comments beneath each question and also offers the reverse side of the form for this purpose. You state that "some employees used the `comments' sections to voice very derogatory and personal feelings about other employees."
My statutory duty under A.C.A. § 25-19-105(c)(3)(B) is to review the custodian's decision as to whether personnel or evaluation records are exempt from disclosure under the FOIA. Your question to me is "whether or not the items referred to in [Items 1 and 2 above] are, in fact, public records." You state that "[t]hey are not records that are required by law to be kept. They are records that are otherwise kept, but do not constitute a record of the performance or lack of performance of official functions." You also ask, if I determine that the records are indeed "public records," "whether or not the governmental interest in disclosure outweighs the individual's privacy interest in disclosure."
RESPONSE
In my opinion the actual completed survey forms, if unadorned with any written comments, are neither personnel records nor employee evaluation or job performance records for purposes of the FOIA. Such completed forms, with only the relevant numerical designations circled, are simple "public records" subject to inspection and copying under the FOIA. If, however, written comments on the survey forms indicate either by name, title or otherwise, the evaluation of individual supervisors or other personnel, in my opinion such comments transform the completed survey document into an "employee evaluation or job performance record" of that employee for purposes of the FOIA. Such documents are exempt from public disclosure under the FOIA unless the employee in question has been suspended or terminated, the record formed a basis for the suspension or termination, all administrative appeals are final and there is a compelling public interest in disclosure.
An initial question arises as to whether the survey forms are "personnel records," "employee evaluation or job performance records," or simply "public records" under the FOIA subject to neither of these exemptions.
The FOIA defines "public records" as those "which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(5)(A). I must disagree with your conclusion that the surveys do not "constitute a record of the performance or lack of performance of official functions." They do reflect the performance of internal monitoring and evaluation of employee sentiments, which in my opinion, is sufficient to meet the §25-19-103(5)(A) definition.
Although the FOIA does not define the term "personnel records," this office, relying on Watkins, "The Arkansas Freedom of Information Act"
(3rd Ed. 1998) at 134, has consistently opined that "personnel records" are all records other than "employee evaluation/job performance records"that pertain to individual employees, former employees, and successful job applicants. See, e.g., Ops. Att'y Gen. Nos. 2001-217; 2001-055; 2000-130. The standard for the release of "personnel records" under the FOIA is set forth in A.C.A. § 25-19-105(b)(12) (Repl. 2002). That section of the FOIA provides that personnel records are subject to disclosure except to the extent that their release would constitute a "clearly unwarranted invasion of [the] personal privacy" of the employee to whom they refer. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will, as you have suggested, weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). Because the survey forms are anonymous, however, I cannot conclude that they pertain to the individual employees completing the surveys in such a way as to render them "personnel records" of those employees under A.C.A. § 25-19-105(b)(12). In my opinion, therefore, the survey forms are not "personnel records" subject to the test set out in A.C.A. § 25-19-105(b)(12).
"Employee evaluation/job performance records," on the other hand, are any records generated by or at the behest of the employer that detail an employee's performance or lack of performance on the job. Ops. Att'y Gen. Nos. 2001-154; 96-132; 91-324. I have previously stated that this exemption covers evaluation or job performance records created "by or at the behest of the public employer" "in the evaluation . . . process."See Ops. Att'y Gen. 2000-179; 99-339; and 99-283. Clearly, the survey forms were records generated by or at the behest of the employer. You as Chief of Police conducted and procured the surveys. In my opinion, however, a completed anonymous survey form which designates only numerical responses and does not in anyway indicate a particular supervisor being evaluated, does not "detail the employee's performance or lack of performance on the job," so as to constitute an employee evaluation or job performance record. Such a record is a mere public record open to public inspection and copying.
If, however, a completed survey form mentions a particular employee or supervisor in comments appended to the survey, those comments may well detail that employee or supervisor's performance or lack of performance on the job. Because the survey was prepared at the behest of the employer, in my opinion these facts indicate that such records (with employee-specific comments), are "employee evaluation or job performance records" under the FOIA. See Op. Att'y. Gen. 2001-047 (anonymous evaluation forms filled out by faculty and staff at the Arkansas School for Mathematics and Sciences were employee evaluation or job performance records of administrators evaluated).
"Employee evaluation or job performance records" are not subject to inspection and copying unless: 1) the employee has been suspended or terminated; 2) the records formed a basis for the suspension or termination decision; 3) all administrative appeals of the decision are final; and 4) there is a compelling public interest in disclosure. A.C.A. § 25-19-105(c)(1) (Supp. 1999). In my opinion, to the extent the comment-embellished survey forms did not form a basis for the suspension or termination of any public officers or employees, they are not available to citizens under the FOIA.
In answer to your specific questions, therefore, the records in question are "public records," in the sense that they meet the definition of "public records" in A.C.A. § 25-19-103(5)(A), but if they are embellished with employee-specific comments, they may be exempt from public disclosure as "employee evaluation or job performance records." Your second question, concerning whether the governmental interest in disclosure outweighs the individual's privacy interest, is not the pertinent inquiry for "employee evaluation or job performance records." The relevant test is set out above.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh